UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DANIEL CASTILLO-ANTONIO,<br><br>Plaintiff,<br><br>v.<br><br>SARA IQBAL, et al.,<br><br>Defendants. | Case No. 14-cv-03316-KAW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO AMEND CASE MANAGEMENT SCHEDULING ORDER, DENYING MOTION TO FILE A SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 54, 55 |

On August 10, 2016, Plaintiff Jose Daniel Castillo-Antonio filed an administrative motion to amend the case management scheduling order to extend deadlines for discovery and to amend the pleadings. (Plf.'s Admin. Mot., Dkt. No. 54.) On August 11, 2016, Plaintiff filed a motion for leave to file a Second Amended Complaint. (Plf.'s Mot. to Amend, Dkt. No. 55.) Defendants did not file an opposition to either motion. For the reasons stated below, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's administrative motion to amend the case management scheduling order, and DENIES Plaintiff's motion for leave to file a Second Amended Complaint.

First, Plaintiff moves to amend the case management scheduling order to extend the discovery deadline to October 10, 2016. Plaintiff states that the extension is needed because Defendant Wassem Iqbal is not available for deposition until September 12, 2016, after the fact discovery cutoff of September 1, 2016. (Plf.'s Admin. Mot. at 2.) Plaintiff further represents that Defendants indicated a willingness to consider resetting the discovery deadline, although no specific date was agreed upon. (*Id.* at 3.) The Court will therefore extend the discovery deadline to October 10, 2016.

Second, Plaintiff moves to extend the deadline to amend the pleadings, and for leave to file

a Second Amended Complaint. Plaintiff relies on Federal Rule of Civil Procedure 15(a), which favors liberal amendment of the pleadings. (Plf.'s Mot. to Amend at 5.) However, Rule 15(a) does not apply in this case because Plaintiff is seeking to modify this Court's case management scheduling order. "Once the district court has filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings[,] that rule's standards control[]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Per Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Rule 16's "'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (internal quotation omitted); *see also Silga v. Deutsche Bank Nat. Trust Co.*, 637 Fed. Appx. 438, 440 (9th Cir. 2016). If the party seeking amendment "was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.

Here, Plaintiff has failed to show good cause for his motion to amend. Per the Court's case management scheduling order, Plaintiff had until April 1, 2016 to amend his pleadings. (Dkt. No. 38.) Plaintiff now seeks to incorporate three reports, two of which were prepared by Plaintiff's own expert on March 20, 2015 and October 19, 2015. (Plf.'s Mot. to Amend at 2.) As for the third report, prepared by Defendants' expert, Plaintiff argues that Defendants did not produce this report to him until March 7, 2016. (*Id.* at 1.) This report is only two pages long, and Plaintiff provides no explanation for why he was unable to review and incorporate a two-page report by April 1, 2016, or why he waited until August 10, 2016—more than four months after the deadline to amend his pleadings—to move for leave to amend his complaint. (*See id.* at 1.) Moreover, Plaintiff provides no explanation for why he needs to attach the expert reports to his Complaint. Finally, Plaintiff seeks to add a new claim against Mr. Iqbal based on an April 10, 2015 incident. (*Id.* at 3.) This incident was apparently known to Plaintiff and Plaintiff's counsel, as Plaintiff's counsel called defense counsel to complain about Mr. Iqbal's behavior. (*Id.*) Because all of Plaintiff's proposed amendments concerned information and events that were known to Plaintiff well before the April 1, 2016 deadline to amend his pleadings, the Court finds that Plaintiff was

1 not diligent and that there is no good cause to modify the deadline to amend the pleadings.

2 The Court therefore GRANTS IN PART AND DENIES IN PART Plaintiff's

3 administrative motion to amend the case management scheduling order. The Court will extend the

4 fact discovery deadline to October 10, 2016, but will not extend the deadline to amend the

5 pleadings. The Court DENIES Plaintiff's motion for leave to file a Second Amended Complaint.

6 IT IS SO ORDERED.

7 Dated: September 2, 2016

8 _____
KANDIS A. WESTMORE

9 United States Magistrate Judge