UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DANIEL CASTILLO-ANTONIO,<br><br>Plaintiff,<br><br>v.<br><br>SARA IQBAL, et al.,<br><br>Defendants. | Case No. 14-cv-03316-KAW<br><br>**ORDER REGARDING PLAINTIFF'S REQUEST FOR MISCELLANEOUS RELIEF; JOINT DISCOVERY LETTER; ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 63 |

On September 14, 2016, Plaintiff Jose Daniel Castillo-Antonio filed a request for miscellaneous relief, based on Defendant Sadia Ghani Iqbal's refusal to produce certain discovery—such as a current address, highest level of education, and date of birth—and to participate in the joint letter process, as required by the Court's standing order. (Dkt. No. 61.) On September 21, 2016, the Court terminated the request and ordered Defendant Sadia Ghani Iqbal to provide her portion to the joint letter by September 26, 2016. (Dkt. No. 67.) On October 10, 2016, Plaintiff filed a second request for miscellaneous relief, which stated that Defendant Sadia Ghani Iqbal had not provided her portion to the joint letter, despite the Court's order. (Dkt. No. 69 ¶ 7.) Plaintiff also stated that at Defendant Waseem Iqbal's deposition on October 7, 2016, Defendant Waseem Iqbal refused to provide routine background information, including a current address, highest level of education, and date of birth. (*Id.* ¶ 9.) Plaintiff indicated that Defendants' refusal to provide this information is based on Defendants' claim that Plaintiff is a gang member. (*Id.* ¶ 10.)

On September 19, 2016, Plaintiff and Defendant Waseem Iqbal filed a joint discovery letter regarding whether Defendant Iqbal's deposition can be videotaped per Federal Rule of Civil Procedure 30. (Dkt. No. 63.) Defendant Iqbal objected to the videotaping of his deposition on the

grounds that he is an undercover agent for the Department of Homeland Security ("DHS"), and that Plaintiff is or was an active gang member. (Dkt. No. 63 at 2.) On September 21, 2016, the Court issued an order for supplemental briefing, requiring Defendant Iqbal to provide evidence in support of these claims by September 30, 2016. (Dkt. No. 66.) As of October 11, 2016, no supplemental briefing has been filed.

## I.  REQUEST FOR MISCELLANEOUS RELIEF

Plaintiff states that Defendants Sadia Ghani Iqbal and Waseem Iqbal have refused to provide personal information, including a current address, highest level of education, and date of birth, and to participate in the joint letter process. (Dkt. No. 69 ¶¶ 6, 9.) The Court TERMINATES Plaintiff's request for miscellaneous relief and again ORDERS Defendants to provide their portion to the joint letter by October 20, 2016. Failure to comply with this order will be construed as a waiver of objections to the discovery at issue in Plaintiff's requests for miscellaneous relief.

## II.  VIDEOTAPED DEPOSITION

Federal Rule of Civil Procedure 30(b)(3) provides: "The party who notices the deposition must state in the notice the method for recording the testimony. Unless the court orders otherwise, testimony may be recorded by audio, audio-visual, or stenographic means." Thus, parties are "authorized to record deposition testimony by nonstenographic means without first having to obtain permission of the court or agreement from other counsel." Fed. R. Civ. P. 407 advisory committee's note to 1993 amendment.

The Court finds that Plaintiff may proceed with a videotaped deposition of Defendant Iqbal.[1] Defendant Iqbal has provided no evidence substantiating his claims that he is an undercover agent or that Plaintiff is a gang member, even after the Court issued an order for supplemental briefing. Absent any evidence in support of these claims, the Court finds that permission of the court was not required to record Defendant Iqbal's deposition testimony.

---

[1] This request may now be moot as Plaintiff indicated the deposition took place on October 7, 2016. (Docket No. 69 ¶ 9.)

### III. ORDER TO SHOW CAUSE

Federal Rule of Civil Procedure 11 require that the attorney signer certify that, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that a filing's "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Here, Defendants' counsel has represented to the Court that Defendant Waseem Iqbal is an undercover DHS agent and accused Plaintiff of being a gang member in a public document. These are serious allegations to make, especially without any apparent evidentiary support. Defendant's counsel also failed to provide any evidentiary support when given the opportunity to do so. Attorney Oliveri is therefore ordered to show cause by **October 21, 2016** explaining what evidentiary basis he has for these claims, and why the Court should not impose sanctions, on him individually, sua sponte under Rule 11(c). To the extent there are confidential documents, Defendants' counsel may request permission to file the documents under seal in compliance with Civil Local Rule 79-5.

In addition, Defendants' counsel has allegedly refused to comply with the Court's September 21, 2016 order that Defendant Sadia Ghani Iqbal participate in the discovery process and provide her portion to the joint letter regarding by September 26, 2016. (Dkt. Nos. 67, 69.) Attorney Oliveri is therefore also ordered to show cause, by **October 21, 2016,** why he should not be sanctioned for his failure to comply with the Court's September 21, 2016 order under the Court's inherent authority. *See Network Caching Tech., LLC v. Novell, Inc.*, No. C-01-2079 VRW, 2003 WL 21699799, at *3 (N.D. Cal. Mar. 21, 2003) ("there is no question the court may, again under its inherent authority, sanction failure to comply with court orders. . . and for 'discovery abuses that may not be a technical violation of the discovery rules'") (quoting *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988)).

### IV. CONCLUSION

For the reasons stated above, Plaintiff does not require the Court's permission to take a videotaped deposition of Defendant Iqbal. Additionally, defense counsel is ORDERED TO SHOW CAUSE on or before October 21, 2016 why the Court should not impose Rule 11

sanctions sua sponte for his unsupported claims that his client is an undercover DHS agent and that Plaintiff is or was a gang member, and why the Court should not impose sanctions for his failure to comply with the Court's September 21, 2016 order.

IT IS SO ORDERED.

Dated: October 14, 2016

KANDIS A. WESTMORE
United States Magistrate Judge