UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DANIEL CASTILLO-ANTONIO,<br>    Plaintiff,<br>  v.<br>SARA IQBAL, et al.,<br>    Defendants. | Case No. 14-cv-03316-KAW<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br>Re: Dkt. No. 82 |

On October 31, 2016, Plaintiff Jose Daniel Castillo-Antonio filed an administrative motion to file the motion itself and the following documents under seal: (1) an e-mail from Defendant Waseem Iqbal to Plaintiff's counsel and other third-party attorneys involved in other litigation, claiming that Americans with Disabilities Act ("ADA") violations exist at Plaintiff's counsel's business property; (2) a "statement" by Defendant Iqbal attacking Plaintiff and Plaintiff's counsel; (3) a document claiming violations of the ADA at Plaintiff's counsel's business property; and (4) photographs of Plaintiff's counsel's business property. (Plf.'s Mot., Dkt. No. 82.)

"[C]ourts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). Thus, "a 'strong' presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, the party seeking to seal the judicial record must meet the "compelling reasons" standard by "articulat[ing] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* (internal quotations omitted). Such compelling reasons

include when records are used "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179. The sealing request must also comply with Local Rule 79-5, which states that "[a] sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law (hereinafter referred to as 'sealable'). The request must be narrowly tailored to seek sealing only of sealable material . . . ."

In the instant case, Plaintiff first seeks to file under seal Defendant Iqbal's e-mail, on the ground that it contains references to confidential information discussed at mediation and during a Settlement Conference. (Plf.'s Mot. ¶ 6.) Plaintiff's objection, however, is that the e-mail publishes confidential information to third parties involved in other cases; this is an objection to Defendant Iqbal sending the e-mail in the first place, not a compelling reason to seal the e-mail in this case. Plaintiff also argues that the statements constitute defamation and libel because it contains an assertion that Plaintiff is a former gang member. (Mac Bride Decl. ¶ 6, Dkt. No. 82-1.) This accusation has already been made in public documents, and the Court has already warned Defendants' counsel of raising the claim without evidence during this litigation. (Dkt. No. 81.) Moreover, Defendant Iqbal's e-mail has now been filed as a public exhibit to Defendant's motion for an extension of time. (Dkt. No. 84-1.) Plaintiff has not moved to seal that document. The Court therefore DENIES the request to seal Exhibit 1.

Plaintiff also seeks to file under seal a statement by Defendant Iqbal complaining of the case, as well as arguments and photographs by Defendant Iqbal claiming that Plaintiff's counsel's business property violates the ADA. Plaintiff contends that these exhibits are irrelevant to the instant case. (Mac Bride Decl. ¶ 8, 9.) Irrelevance is not a compelling reason to seal a court record, and the Court DENIES the request to seal Exhibits 2-4.

Finally, Plaintiff seeks to file under seal the motion to seal and supporting declaration. (Plf.'s Mot. ¶ 13.) Plaintiff fails to articulate any reasons why these documents should be filed under seal, except to state that it would be "[f]or obvious reasons." (*Id.*) This does not satisfy the Ninth Circuit's requirement that the party seeking to seal a judicial record articulate compelling reasons supported by specific facts. Furthermore, a request to seal these documents in their

2

entirety is overbroad.  The Court DENIES the request to seal the motion and supporting declaration.

In denying Plaintiff's motion, the Court does not condone Defendant Iqbal's behavior, which it finds troubling, to say the least.  Defendants' counsel should discuss with his client appropriate behavior.  The Court also reiterates that any attempt to rely on the still wholly unsupported claims that Plaintiff is or was a gang member will not be tolerated, absent actual evidence in support.

IT IS SO ORDERED.

Dated: November 23, 2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge