UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DANIEL CASTILLO-ANTONIO,<br><br>Plaintiff,<br><br>v.<br><br>SARA IQBAL, et al.,<br><br>Defendants. | Case No. 14-cv-03316-KAW<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING ON MOTION TO VACATE JUDGMENT**<br><br>Re: Dkt. No. 115 |

On May 26, 2017, Defendants Sara Iqbal and Wassem Iqbal filed a motion to vacate the judgment entered against them, asserting that they are not owners of the gas station in which the alleged Americans with Disabilities Act ("ADA") violations occurred. (Defs.' Mot. at 3, Dkt. No. 115.) Defendants seek relief under Federal Rule of Civil Procedure 60(b), which states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Here, Defendants argue that "[t]he fact that movants' former counsel was unaware of the law and/or failed to address the above authorities in opposing the motion for summary adjudication is cited as excusable neglect outside of the control of the moving parties," or, in the alternative, constitutes "any other reason that justifies relief." (Defs.' Mot. at 4.)

Having reviewed the parties' briefing, the Court requires supplemental briefing. First, the parties should brief whether Defendants have satisfied the requirements of Rule 60(b). Notably, the Ninth Circuit has rejected attorney error as grounds to vacate a judgment under Rule 60(b)(1). *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006) ("We agree that Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge that corrects the erroneous legal advice of counsel. For purposes of subsection (b)(1), parties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel. This includes not only an innocent, albeit careless or negligent, attorney mistake, but also intentional attorney misconduct"). The Ninth Circuit has also imposed a high standard when relying on attorney error as grounds to vacate a judgment under Rule 60(b)(6), requiring the equivalent of "virtual[] abandon[ment]." *Id.* at 1103 (internal quotation omitted); *see also Mackey v. Hoffman*, 682 F.3d 1247, 1253 (9th Cir. 2012) (finding that relief may be granted under Rule 60(b)(6) where a petitioner "has been inexcusably and grossly neglected by his counsel in a manner amounting to attorney abandonment in every meaningful sense"). Thus, the parties must brief, with citations to the relevant legal authority, whether Rule 60(b)(1) or (6) applies in the instant case.

Second, the Court requires further briefing on the ownership of the gas station at issue. Although Defendants have supplied declarations, such evidence is inadequate as Defendants are seeking to overturn a judgment after failing to argue the ownership issue at the summary judgment stage. Defendants must therefore provide concrete evidence which shows the actual owners of the gas station; declarations and deposition transcripts are insufficient.[1]

---

[1] The Court observes that during his deposition, Defendant Wassem Iqbal stated that he knew who the owners were, but "prefer[red] not to share" that information with Plaintiff's counsel. (*See* Wassem Iqbal Dep. at 19:8-17.)

2

Defendants shall file their supplemental brief by July 7, 2017. Plaintiff may file an opposition by July 17, 2017. Defendants may file a reply by July 24, 2017. The July 6, 2017 motion hearing is CONTINUED to August 3, 2017.

IT IS SO ORDERED.

Dated: June 22, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge