UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DANIEL CASTILLO-ANTONIO, <br> Plaintiff, <br> v. <br> SARA IQBAL, et al., <br> Defendants. | Case No. 14-cv-03316-KAW <br><br> **ORDER DENYING MOTION TO VACATE JUDGMENT** <br> Re: Dkt. No. 115 |

On July 22, 2014, Plaintiff Jose Daniel Castillo-Antonio filed the instant suit, alleging violations of the Americans with Disabilities Act ("ADA") and California civil rights statutes, including the Unruh Civil Rights Act, California Disabled Persons Act, and California Health and Safety Code § 19955 *et seq.* (Dkt. No. 1.) On December 21, 2016, the Court granted Plaintiff's motion for partial summary judgment, finding that Plaintiff had established violations of the ADA, Unruh Civil Rights Act, and the California Disabled Persons Act. (Summary Judgment Ord. at 10-11, Dkt. No. 95.) On March 24, 2017, the Court granted in part Plaintiff's motion for attorney's fees and costs, and granted Plaintiff's motion for miscellaneous relief regarding the form of Defendant Waseem Iqbal's name, and the form of the "dba" designation and "individual" designation for Defendants Sara Iqbal, Waseem Iqbal, and Bushra Begum. (Dkt. No. 109 at 1.)

Defendants Waseem Iqbal and Sara Iqbal now move to vacate the judgment against them, on the ground that they were never owners or operators of the subject property in which the alleged ADA violations occurred. (Defs.' Mot. at 1-2, Dkt. No. 115.) Upon consideration of the moving and responding papers, as well as the arguments presented at the August 3, 2017 motion hearing, and for the reasons set forth below, Defendants' motion is DENIED.

# I. BACKGROUND

In 2009, Plaintiff suffered a gunshot wound which caused permanent spinal injuries that require him to use a wheelchair. (Castillo-Antonio Decl. ¶ 1, Dkt. No. 71-8.) On May 2, 2014 and July 9, 2014, Plaintiff visited the Union 76 gas station at issue in this suit, in order to buy food and lottery tickets. (Second Amended Complaint ¶ 13, SAC, Dkt. No. 12; Castillo-Antonio Decl. ¶ 4.) During his visits, Plaintiff encountered barriers in the parking lot and when using the restroom. (Castillo-Antonio Decl. ¶¶ 4(a), (b).)

Plaintiff then filed the instant action on July 22, 2014. On October 17, 2016, Plaintiff filed a motion for partial summary judgment on the following issues: (1) that certain barriers existed at Defendants' Union 76 gas station when Plaintiff visited the business on May 2, 2014 and July 9, 2014; (2) that Plaintiff personally encountered these barriers; and (3) that one barrier still existed, entitling Plaintiff to an injunction, damages, and attorney's fees. (Dkt. No. 71.) Defendants opposed Plaintiff's motion, but did not argue that Defendants Waseem Iqbal and Sara Iqbal were not owners; instead, Defendants argued that summary judgment should not be granted because Plaintiff was able to "transact his business and leave." (Dkt. No. 88-4 at 5.)

After briefing and a hearing on the matter, the Court granted Plaintiff's motion in full, awarding injunctive relief under the ADA and statutory damages under the Unruh Civil Rights Act. (Summary Judgment Ord. at 12.) In so ruling, the Court rejected Defendants' arguments, stating: "Defendants would essentially require that a disabled person be unable to access or use a facility at all before they are able to seek relief; Defendants provide no legal authority for this position, which conflicts with binding Ninth Circuit authority." (*Id.* at 9.)

On January 19, 2017, Defendants filed an appeal of the Court's summary judgment order. (Dkt. No. 96.) Plaintiff then filed a motion for attorney's fees and expenses, and seeking miscellaneous relief, specifically to amend the names of Defendants, including Defendants Waseem Iqbal and Sara Iqbal. (Dkt. No. 98 at 9-15.) Defendants opposed Plaintiff's motion for attorney's fees and expenses solely on the ground that "Defendants timely filed an appeal," but did

not address Plaintiff's request for miscellaneous relief.[1] (Dkt. No. 104 at 3-4.) As with the motion for summary judgment, Defendants never asserted that Defendants Waseem Iqbal and Sara Iqbal were not owners or operators. The Court ultimately granted in part and denied in part Plaintiff's motion for attorney's fees and costs, and granted Plaintiff's request for miscellaneous relief as unopposed. (Dkt. No. 109 at 18.)

On May 2, 2017, the Ninth Circuit granted Defendants' motion to dismiss their appeal. (Dkt. No. 114.) On May 26, 2017, Defendants moved to set aside the judgment as to Defendants Waseem Iqbal and Sara Iqbal under Federal Rule of Civil Procedure 60(b), on the ground that they were never owners or operators of the subject property in which the ADA violations occurred. (Defs.' Mot. at 1-2.) Defendants also requested that the order granting in part and denying in part Plaintiff's motion for attorney's fees be set aside and vacated. (*Id.* at 4-5.) Defendants' motion was filed by new counsel for Defendants.

On June 6, 2017, Plaintiff filed an opposition to Defendants' motion. (Plf.'s Opp'n, Dkt. No. 122.) Defendants did not file a reply. On June 22, 2017, the Court issued an order requiring supplemental briefing, specifically on whether Defendants had satisfied the requirements of Rule 60(b) and the ownership of the subject property. (Dkt. No. 124 at 2.) The Court specifically cited to *Latshaw v. Trainer Wortham & Co.* for the proposition that Rule 60(b)(1) was not intended to

---

[1] The Court ultimately struck Defendants' opposition as untimely filed, as Defendants did not file an opposition until February 28, 2017, after the Court issued an order to show cause. (Dkt. No. 109 at 7; *see also* Dkt. No. 101.) The Court repeatedly required Defendants to explain why they did not file a timely response, which Defendants failed to do. (Dkt. No. 109 at 7.) Regardless, the Court found that "even if the Court was to consider Defendants' opposition in its entirety, the Court's conclusions would not change." (*Id.*)

On August 1, 2017, Defendants' former counsel, Attorney Oliveri, filed a declaration claiming that he never received the motion to amend the names of Defendants Waseem Iqbal and Sara Iqbal. (Oliveri Decl. ¶¶ 3-6, 8, Dkt. No. 129.) The request to modify Defendants' names and the "dba" designations, however, was not contained in a standalone motion, but was part of Plaintiff's motion for attorney's fees, which Attorney Oliveri (on behalf of Defendants) opposed, albeit untimely. (*See* Dkt. Nos. 98, 104.) The request to modify the names was, in fact, clearly articulated on the first page of Plaintiff's motion for attorney's fees and miscellaneous relief. (*See* Dkt. No. 98 at 1 ("Concise statement of relief sought: Attorney's fees and costs, and miscellaneous relief regarding the form of name of Wassem [sic] Iqbal, and the form of 'dba' designation and 'individual' designation for defendants Sara Iqbal, Wassem [sic] Iqbal, and Bushra Begum aka Bushra Begum Iqbal").) Thus, Attorney Oliveri's claim is either an admission of malpractice or a misrepresentation to the Court.

3

1 remedy law-based errors made by counsel, as well as *Mackey v. Hoffman* for the gross negligence standard under Rule 60(b)(6). (*Id.*) On June 23, 2017, Defendants filed their supplemental brief, responding to the Court's order. (Defs.' Supp. Brief, Dkt. No. 126.) On July 4, 2017, Plaintiff filed his supplemental brief. (Plf.'s Supp. Brief, Dkt. No. 128.) Defendants did not file a supplemental reply.

## II. DISCUSSION

"Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Walsh v. Countrywide Home Loans, Inc.*, No. C 09-446 SBA, 2009 WL 4674049, at *3 (N.D. Cal. Dec. 2, 2009). Here, Defendants seek relief under Rule 60(b)(1), which allows a court to relieve a party from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." In the alternative, Defendants seek relief under Rule 60(b)(6), a catch-all provision which allows the court to relieve a party from a final judgment for "any other reason that justifies relief."

### A. Federal Rule of Civil Procedure 60(b)(1)

In the instant case, Defendants argue that their former counsel, Attorney Oliveri, engaged in "excusable neglect" when he failed to bring to the Court's attention the legal authority that non-owners are not responsible for ADA violations. (Defs.' Mot. at 4; Defs.' Supp. Brief at 3.)

The Ninth Circuit has repeatedly "refus[ed] to provide relief on account of excusable neglect to . . . attorney-based mistakes of law." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006); *see also Engleson v. Burlington N. R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992) ("Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)"); *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997) ("attorney error is insufficient grounds for relief under both Rule 60(b)(1) and (6)"). This is because "[a]s a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (rejecting the plaintiff's request for relief under Rule 60(b)(1) where the plaintiff asserted that her first attorney committed malpractice and her second attorney was inexperienced); *see also Link v.*

4

*Wabash R. Co.*, 370 U.S. 626, 633 (1962) (explaining that a party who "voluntarily chose this attorney as his representative in the action . . . cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney") (internal quotation omitted). Thus, the Ninth Circuit has found:

> Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge that corrects the erroneous legal advice of counsel. For purposes of subsection (b)(1), parties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel. This includes not only an innocent, albeit careless or negligent, attorney mistake, but also intentional attorney misconduct. Such mistakes are more appropriately addressed through malpractice claims.

*Latshaw*, 452 F.3d at 1101; *see also id.* at 1101-02 ("A party will not be released from a poor litigation decision made because of inaccurate information or advice, even if provided by an attorney").

Applying this principle, courts have declined to vacate judgments under Rule 60(b)(1) where the attorney committed an error of law. For example, in *Latshaw*, the Ninth Circuit found Rule 60(b)(1) relief inapplicable where the plaintiff entered into a Rule 68 offer of judgment, relying on her counsel's erroneous legal advice that she could be held liable for costs and attorney's fees, rather than only costs. 452 F.3d at 1101-02. In *Engleson*, the Ninth Circuit found that the attorney's ignorance of the statute governing labor law disputes between railway workers and employers did not constitute excusable neglect. 972 F.2d at 1044; *see also Reynolds v. Lomas*, 554 Fed. Appx. 548, 549 (9th Cir. 2014) (finding district court did not abuse its discretion where it found that Rule 60(b)(1) did not apply to the prior attorney's alleged failure to make the correct legal arguments). Likewise, in *Allmerica*, the Ninth Circuit found that the counsel's failure to plead an affirmative defense of waiver did not provide a basis for relief under Rule 60(b)(1). 139 F.3d at 665-66. In short, "the case law consistently teaches that out-and-out lawyer blunders--the type of action or inaction that leads to successful malpractice suits by the injured client--do not qualify as 'mistake' or 'excusable neglect' within the meaning of Rule 60(b)(1)." *McCurry ex rel.*

*Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002) (internal quotation omitted), *cited with approval by Latshaw*, 452 F.3d at 1101.

In light of this authority, the Court rejects Defendants' assertion that Attorney Oliveri's failure to bring to the Court's attention the authority that non-owners cannot be held liable for ADA violations constituted excusable neglect. Such a failure would be an attorney-based mistake of law, which the Ninth Circuit has clearly and repeatedly held does not serve as a basis for relief under Rule 60(b)(1). Even if Attorney Oliveri's decision was a poor one, Defendants are now bound by it. *See Link*, 370 U.S. at 633; *Latshaw*, 452 F.3d at 1101; *Casey*, 362 F.3d at 1260. Thus, Rule 60(b)(1) relief is unavailable on the ground that Attorney Oliveri failed to raise certain legal arguments.

In their supplemental briefing and at the hearing, Defendants do not address *Latshaw* or any of the authority that concerns the applicability of Rule 60(b)(1) to attorney-based mistakes of law. Instead, Defendants argue that the Ninth Circuit's decision in *Mackey v. Hoffman* is in conflict with *Bateman v. U.S. Postal Service*. (Defs.' Supp. Brief at 2.) In *Mackey*, the Ninth Circuit held that relief under Rule 60(b)(6) based on attorney error was available in certain circumstances where the attorney acted with negligence that was "so gross that it [wa]s inexcusable." 682 F.3d 1247, 1251 (9th Cir. 2012). In *Bateman*, the Ninth Circuit held that a court should apply the *Pioneer* equitable test to determine whether neglect is excusable under Rule 60(b)(1). 231 F.3d 1220, 1224 (9th Cir. 2000). This test requires that a court examine four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id.* at 1223-24. Defendants argue that this authority is "in conflict" because *Mackey* states that relief is not available unless the neglect was inexcusable, while Rule 60(b)(1) only allows for relief if the neglect is excusable. (Defs.' Supp. Brief at 2.) Thus, Defendants assert that the Ninth Circuit's interpretation of Rule 60(b)(1) is in conflict with Rule 60(b)(6). (*Id.*)

*Mackey* and *Bateman* are not in conflict; they describe different forms of relief. The Ninth Circuit has explained that its holding that gross negligence on the part of an attorney could constitute "extraordinary circumstances" under Rule 60(b)(6) "does not affect what may be

6

defined as 'excusable neglect'" under Rule 60(b)(1) because "[t]he clauses are mutually exclusive." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 n. 11 (9th Cir. 2002). In other words, "[t]he 'excusable neglect' clause is interpreted as encompassing errors made due to the 'mere neglect' of the petitioner whereas (b)(6) is intended to encompass errors or actions beyond the petitioner's control." *Id.*

To the extent Defendants are arguing that the Court should apply the *Pioneer* equitable test, the Court rejects this proposition. The *Pioneer* equitable test only determines whether neglect is excusable; Defendants must, as an initial matter, demonstrate that there was neglect. *See McKinney v. Citi Residential Lending Inc.*, Case No.: 15cv307-MMA (WVG), 2016 WL 4485497, at *2 (S.D. Cal. Apr. 4, 2016) ("Because [the p]laintiff provides no detail as to why [his counsel] failed to take action in his case, the Court cannot apply the equitable test set forth in *Pioneer* to determine whether any neglect was excusable"). Even setting aside the comprehensive Ninth Circuit authority that attorney mistakes in law do not constitute excusable neglect, Defendants have failed to carry this burden of establishing neglect. Instead, Defendants simply assert that Attorney Oliveri "overlooked the fact that judgment could not extend to Waseem and Sara Iqbal as a matter of law," but provide no evidence in support. (Defs.' Supp. Brief at 3; *see also* Defs.' Mot. at 4.) For example, Defendants provide no evidence that Attorney Oliveri was unaware of the authority that non-owners are not liable for ADA violations. Defendants also provide no evidence that Attorney Oliveri's decision not to challenge Plaintiff's summary judgment motion based on alleged non-ownership was a result of neglect, rather than a conscious litigation decision. In fact, Defendants admit that Attorney Oliveri "vigorously defended them, took and attended depositions, and advanced their defenses the best he could." (Defs.' Supp. Brief at 3.) Notably, on August 1, 2017, Attorney Oliveri filed a declaration in support of Defendants' motion, in which he stated that Defendants Waseem and Sara Iqbal made clear that they were not owners of the property or business. (Oliveri Decl. ¶ 9.) Attorney Oliveri, however, never suggests in his declaration that he negligently failed to raise the issue in his oppositions to Plaintiff's motion for summary judgment or motion for attorney's fees and miscellaneous relief. Absent any evidence of neglect, the Court

7

need not apply the *Pioneer* balancing test to determine if the alleged neglect was excusable.[2]

Accordingly, the Court finds that Rule 60(b)(1) relief is not available to Defendants in the instant case.[3]

### B. Federal Rule of Civil Procedure 60(b)(6)

Defendants also seek relief under Rule 60(b)(6). "Judgments are not often set aside under Rule 60(b)(6). Rather, the Rule is used sparingly as an equitable remedy to prevent manifest justice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw*, 452 F.3d at 1103 (internal quotation omitted). To obtain relief under Rule 60(b)(6), a party "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Id.* (internal quotation and modification omitted).

As with Rule 60(b)(1), the Ninth Circuit has generally rejected Rule 60(b)(6) relief in cases of attorney-created legal error. In cases involving default judgments and dismissals for failure to prosecute, the Ninth Circuit has found Rule 60(b)(6) applicable where an attorney displays "gross negligence," or "neglect so gross that it is inexcusable." *Tani*, 282 F.3d at 1168; *Lal v. California*, 610 F.3d 518, 525 (9th Cir. 2010). In those limited circumstances, the Ninth Circuit has justified the "gross negligence" standard on the grounds that default judgments and dismissals for failure to prosecute are disfavored by the courts. *Lal*, 610 F.3d at 525. The Ninth Circuit has, however, declined to extend the gross negligence standard to other circumstances, such as Rule 68 offers of

---

[2] In any case, Defendants also fail to show that the neglect was excusable under the *Pioneer* balancing test. While Defendants fail identify the four *Pioneer* factors, they provide no analysis of how those factors apply in the instant case, or evidence in support. (Defs.' Supp. Brief at 2-4.) Plaintiff, on the other hand, asserts that he will be subject to great prejudice if the verdict is set aside, given that he already prevailed in the case after significant litigation. (Plf.'s Supp. Brief at 2-3.) Plaintiff also argues that Defendants did not raise the ownership issue until the instant motion was filed nearly six months after the Court issued its summary judgment order, and correctly point out that Defendants provide no reason for the delay. (*Id.* at 3.) Finally, Plaintiff questions whether Defendants are acting in good faith, especially in light of Defendants' history of delaying the instant litigation. (*Id.*) In light of Defendants' failure to address any of the four *Pioneer* factors, the Court would still have found that Defendant did not establish that the neglect was excusable. *See Bateman*, 231 F.3d at 1224 ("The [district] court would have been within its discretion if it spelled out the equitable test and then concluded that [counsel] had failed to present any evidence relevant to the four factors").

[3] At the hearing, Defendants' counsel conceded that excusable neglect was "off the table."

judgment. *Latshaw*, 452 F.3d at 1103.

In the instant case, the case was resolved on the merits after Defendants opposed Plaintiff's summary judgment motion. Thus, the instant case is not comparable to default judgments and dismissals for failure to prosecute, which are disfavored by the court, and the "gross negligence" standard does not apply. Moreover, even if the "gross negligence" standard did apply, Defendants have not met this high bar. "Gross negligence" exists where an attorney "virtually abandon[s]" his or her client. *Tani*, 282 F.3d at 1170 (finding gross negligence where the defendant's attorney filed the answer late, failed to contact the plaintiff for preliminary settlement discussions despite being ordered to do so, failed to oppose a motion to strike the answer, failed to attend various hearings, and deliberately misled the defendant); *see also Lal*, 610 F.3d at 525 (finding gross negligence where counsel failed to make initial Rule 26 disclosures after being ordered to do so, failed to meet and confer and participate in the case management conference, failed to attend hearings, and deliberately misled the plaintiff). Here, by contrast, Defendants freely admit that Attorney Oliveri "vigorously defended them . . . and advanced their defenses the best he could." (Defs.' Supp. Brief at 3.) Attorney Oliveri filed an opposition to the motion for summary judgment and appeared at the motion hearing, in addition to participating in mediation, settlement conferences, case management conferences, and discovery. (*See* Dkt. Nos. 22, 37, 45, 48, 50, 76, 78, 87, 88, 94.) This was not a case where Defendants were "virtually abandoned" by their counsel such that Defendants received essentially no representation at all, or where dismissal was the result of a failure to defend the case. At the hearing, Defendants also conceded that there was no argument that there was virtual abandonment in this case. Thus, Rule 60(b)(6) relief is not available to vacate the judgment. *Compare with Reynoso v. City & Cty. of S.F.*, Case No. 10-cv-984-MEJ, 2016 WL 4364144, at *4 (N.D. Cal. Aug. 16, 2016) (finding that the plaintiffs did not demonstrate that their attorneys' negligence amounted to "virtual abandonment" where the attorneys opposed three motions to dismiss, filed several amended complaints, conducted discovery, briefed multiple summary judgment motions, and attended settlement conferences).

### C. Mandatory Relief

In their supplemental brief, Defendants argue that relief should be "mandatory" because

non-owners cannot be held liable for the ADA violations. (Defs.' Supp. Brief at 4-5.) Defendants argue that the requested relief is therefore not discretionary, but mandatory. (*Id.* at 5.) Defendants cite no legal basis for this extraordinary proposition. At the hearing, Defendants expanded on the argument to explain that it was a jurisdictional issue, as a judgment could not be entered against a non-owner or operator.

The Court observes, however, that contrary to Defendants' contentions, this was not a case where Defendants Waseem Iqbal and Sara Iqbal have indisputably demonstrated that they were not owners or operators of the business at issue. As an initial matter, the Court notes that according to Plaintiff, Defendants deliberately resisted discovery on ownership, which would make little sense if Defendants Waseem Iqbal and Sara Iqbal had concrete proof that they were not owners or operators of the business. (*See* Plf.'s Opp'n at 4 ("Waseem Iqbal and Sara Iqbal . . . never produced any documentation whatsoever in their discovery responses to show Sara's claimed status a[s a]n employee, despite their testimony in their depositions that Sara was an employee, and despite plaintiff's request for the relevant documentation in discovery"); Supp. Brief at 8, 10.) Indeed, during his deposition, Defendant Waseem Iqbal stated that he knew who the owners of the business were, but "prefer[red] not to share" that information. (Waseem Iqbal Dep. at 19:10-14, Dkt. No. 98-8.)

Further, although Defendants repeatedly assert that the *property* was not owned by Defendants Waseem Iqbal and Sara Iqbal, Defendants have not presented adequate evidence that the *business* was not owned or operated by these two individuals. (*See* Defs.' Supp. Brief at 4.) Defendants provide no evidence about the ownership structure of the business.[4] Instead, Defendants provide a business license, alcohol license, and a seller's permit addressed to Defendant Bushra Begum; such evidence is not compelling, as it does not necessarily demonstrate that Defendant Bushra Begum was the sole owner and operator of the business, or that Defendants

---

[4] Notably, during his deposition, Defendant Waseem Iqbal stated that he would "have to look up the ownership documentation to get the exact ownership," suggesting that such evidence exists. (Waseem Iqbal Dep. at 19:6-7, Dkt. No. 98-8.) Despite the Court's request for supplemental briefing and evidence, Defendants did not provide this ownership documentation, even though such evidence would presumably support Defendants Waseem Iqbal's and Sara Iqbal's claims of non-ownership.

Waseem Iqbal and Sara Iqbal were not owners or operators of the business. Likewise, the self-serving declarations by Defendants Waseem Iqbal and Sara Iqbal long after judgment was entered in this case are insufficient, especially given the judicial interest in the finality of judgments. Additionally, Plaintiff provided evidence that Defendants Waseem Iqbal and Sara Iqbal were owners or operators of the business. For example, during his deposition, Defendant Waseem Iqbal admitted to paying for a building contractor from his personal bank account, stated that he had an important role "[w]hen *we* first purchased the business," and explained that because "[i]t's a *family business*, . . . everybody kind of looks after any issues in the business, to include any potential ADA issues." (Waseem Iqbal Dep. at 45:1-4, Dkt. No. 122-4 (emphasis added); Waseem Iqbal Dep. at 54:1-3, Dkt. No. 122.5 (emphasis added).) Plaintiff also presents a letter from an inspector that Defendant Sara Iqbal hired in connection with this lawsuit; the letter is addressed to Defendant Sara Iqbal and states: "As requested by yourself, as *one of the owners of the above-mentioned gas station*, I performed an onsite survey of the property for the following purposes." (Plf.'s Opp'n, Exh. 7, Dkt. No. 122-7 (emphasis added).) Defendant Sara Iqbal also had signature authority on the business account, and responsibility for disability access was delegated to Defendants Waseem and Sara Iqbal. (Sara Iqbal Dep. at 51:24-52:2, Dkt. No. 128-2; Bushra Begum Dep. at 69:15-23, Dkt. No. 128-1.) Defendants failed to address any of this evidence, whether at the hearing or by filing a rely brief. In short, Defendants have not provided concrete evidence to the Court that Defendants Waseem Iqbal and Sara Iqbal were not owners or operators of the business.

In light of the absence of legal authority for Defendants' proposition that relief is "mandatory," as well as the lack of compelling evidence that Defendants Waseem Iqbal and Sara Iqbal were not owners or operators of the business, the Court declines to vacate the judgment.

### D. Attorney's Fees

Plaintiff requests attorney's fees in the amount of $1,750 for the original opposition to Defendants' motion, and $4,200 for the supplemental opposition. (Plf.'s Opp'n at 5; Plf.'s Supp. Opp'n at 10.) Plaintiff's counsel asserts that he spent five hours on the original opposition and twelve hours on the supplemental opposition. (Plf.'s Opp'n at 5; Plf.'s Supp. Opp'n at 10-11.)

11

Plaintiff's counsel does not, however, provide a declaration, time records, or any other evidence to support that either of these amounts are warranted.[5] "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Here, Plaintiff produced no evidence in support of the hours worked, despite having the burden of proof. *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986) ("In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended"). Accordingly, the Court denies Plaintiff's request for attorney's fees. *See eADGEAR, Inc. v. Liu*, No. CV-11-5398 JCS, 2012 WL 2367805, at *20 (N.D. Cal. June 21, 2012) (recommending the denial of attorney's fees where counsel failed to provide time sheets or affidavits in support of their request).

### III. CONCLUSION

For the reasons stated above, the Court DENIES Defendants' motion to vacate the judgment against Defendants Waseem Iqbal and Sara Iqbal, and DENIES Plaintiff's request for attorney's fees.

IT IS SO ORDERED.

Dated: August 4, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[5] The Court also notes that it previously questioned Plaintiff's billing practices, including significant overbilling and billing for tasks that did not occur, such as preparing for and attending a case management conference that did not take place, and charging eight hours to attend a settlement conference that lasted 3.25 hours. (Dkt. No. 109 at 11-17.)